**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

WESLEY HEALTH SYSTEM, LLC

Plaintiff(s)

    v.                                         **CIVIL ACTION NO.**   2:12cv59-KS-MTP

FORREST COUNTY BOARD OF
SUPERVISORS, ET AL.

Defendant(s)

**CASE MANAGEMENT ORDER**

This Order, including the deadlines established herein, having been established with the participation of all parties, can be modified only by order of the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record. IT IS HEREBY ORDERED:

1.     **ESTIMATED DAYS OF TRIAL:**               _____2-3 WEEKS_____

        **ESTIMATED TOTAL NUMBER OF WITNESSES:**    _____APPROXIMATELY 50_____

        **EXPERT TESTIMONY EXPECTED:**  \_\_YES\_\_\_\_\_     **NO. OF EXPERTS**   \_\_15-20\_\_\_\_\_

2.     **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    **X**    **A.** Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

        Private mediation or a settlement conference with the court is required in this matter. The parties are to schedule and complete same by the discovery deadline.

        **B.** At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3.     **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

        **A.** The parties consent to trial by a United States Magistrate Judge.

    **X**    **B.** The parties do not consent to trial by a United States Magistrate Judge.

**4**     **DISCLOSURE.**

**A.** The pre-discovery disclosure requirements of L.U.Civ.R 26(a)(1) have been complied with fully.

X     **B.** The following additional disclosure is needed and is hereby ordered:   The parties shall fully comply with the pre-discovery disclosure requirements of Fed.R.Civ.P. 26(a)(1) and L.U.Civ.R. 16(d) and 26(a) by November 30, 2012.

**5.**     **MOTIONS; ISSUE BIFURCATION.**

X     **A.** The court finds and orders that early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

Defendants may file an early motions for summary judgment regarding whether Forrest General Hospital or AAA Ambulance are capable, as a matter of law, of conspiring with one another.

Plaintiff may file a motion for preliminary injunction.

X     **B.** The court finds and orders that staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42(b),

**(1)** Will assist in the prompt resolution of this action.

X     **(2)** Will not assist in the prompt resolution of this action.

Accordingly, the court orders that:

**6.**     **DISCOVERY PROVISIONS AND LIMITATIONS.**

**A.**     Interrogatories are limited to ____35____ succinct questions per party.  (See 6.E. below).

**B.**     Requests for Production and Requests for Admission are limited to __35_____ succinct questions per party.

**C.**     Depositions are limited to the parties, experts, and no more than

20     fact witness depositions per party without additional approval of the court.

**D.** The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

The parties anticipate discovery of electronically stored information (ESI). In the event any privileged information is inadvertently disclosed via any ESI, the parties agree that the privilege is not waived. To identify and preserve any potential ESI, counsel for Plaintiff and for Defendants has alerted their clients to ensure proper protections are in place to prevent deletion of documents potentially relevant to this litigation, to notify those persons in relevant positions to refrain from destroying ESI that may be relevant to the claims in this litigation, and to ensure no inadvertent deletion of ESI occurs. The parties have agreed that the scope of discovery of ESI is limited to discoverable matters relevant to the claims, defenses or damages asserted in this matter and for which are reasonably accessible. To the extent practicable, the parties will produce certain ESI, including e-mail communications, in searchable ".pdf" form, to the extent possible. The parties shall confer in good faith to resolve any ESI

X        discovery disputes.

**E.**   X   The court imposes the following further discovery provisions or limitations:

☐        Defendant may have a Fed.R..Civ.P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff. The examination must be completed in time to comply with expert designation deadlines.

X        Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐        Plaintiff must execute a waiver of medical privilege.

X        Other: The claims against Defendant Wade Spruill have been dismissed. Accordingly, he is not considered a party for purposes of the discovery limitations set forth in paragraph 6. A-C (above) and he is not permitted to conduct discovery at this time. Should he desire to reurge his motion for sanctions after discovery has been completed, he shall do so via motion filed at least thirty days prior to the pre-trial conference. If the motion is reurged, the court will address requests for any discovery relevant to it at that time.

**F.**        There are no further discovery provisions or limitations.

**7.** **Scheduling Deadlines** *The appropriate scheduling deadlines based upon the track designation shall not be included in the proposed Case Management Order. (Deadlines shall be determined at the telephonic case management conference).*

**SCHEDULING DEADLINES**
(To be completed by the court only)

**IT IS HEREBY ORDERED AS FOLLOWS:**

**A.** **Trial.**

   **1.** This action is set for trial commencing on: _____

   **2.** Reserved Trial Period (two-week limitation): March 3-14, 2014 before District Judge Keith Starrett

   **3.** ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   **4.** This is a [check one]:  Jury/Non-Jury Trial

   Non-Jury as to the tort claims; jury as to the others.

**B.** **Pretrial.** The pretrial conference is set on: February 13, 2014 before District Judge Keith Starrett

**C.** **Discovery.** All discovery shall be completed by: October 1, 2013

**D.** **Amendments.** Motions for joinder of parties or amendments to the pleadings shall be served by: January 4, 2013

**E.** **Experts.** The parties' experts shall be designated by the following dates:

   **A.** Plaintiff: June 15, 2013

   **B.** Defendant: July 25, 2013

**8.** **Motions**  All motions other than motions *in limine* shall be filed by:  October 15, 2013

The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference. *Daubert* motions are due by the motions deadline of October 15, 2013.

**9.** **Private Mediation/ Settlement Conference**  Private mediation or a settlement conference with the court is required in this matter. The parties are to schedule and complete same by the discovery deadline.

**10.** **Report Regarding ADR.**  On or before February 5, 2014, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See* L.U.Civ.R. 83.7(f)(3).

**ORDERED:**  November 14, 2013  s/Michael T. Parker

Date  UNITED STATES MAGISTRATE JUDGE