IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WESLEY HEALTH SYSTEM, LLC**
**d/b/a WESLEY MEDICAL CENTER**                                **PLAINTIFF**

**V.**                                **CIVIL ACTION NO. 2:12-CV-59-KS-MTP**

**FOREST COUNTY BOARD OF**
**SUPERVISORS d/b/a FORREST GENERAL**
**HOSPITAL, et al.**                                **DEFENDANTS**

## ORDER

For the reasons stated below, the Court **grants** Plaintiff's Rule 56(d) Motion [130] and presently **denies** Defendants' Motions for Summary Judgment [122, 125]. Defendants may re-urge their summary judgment arguments after discovery is complete.

Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d). Rule 56(d) motions "are broadly favored and should be liberally granted." *Curtis*, 710 F.3d at 594. But the party opposing summary judgment:

> . . . may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. Rather, a request to stay summary judgment under Rule [56(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will

influence the outcome of the pending summary judgment motion. If it appears that further discovery will not produce evidence creating genuine issue of material fact, the district court may grant summary judgment.

*Raby v. Livinston*, 600 F.3d 552, 561 (5th Cir. 2010).

Forrest General and AAA each filed a Motion for Summary Judgment [122, 125]. The motions present several arguments pertaining to various claims asserted by Plaintiff. Plaintiff has demonstrated that further discovery is necessary for it to address at least some of those arguments.

For example, Forrest General and AAA argue that the Court should grant summary judgment as to Plaintiff's Sherman Act and civil conspiracy claims because Wesley's corporate representative, Travis Sisson, stated in a deposition that the "leaders of AAA" conspired with Forrest General. Forrest General and AAA then provided an affidavit from Evan Dillard, the President and CEO of Forrest General and Chairman of AAA, in which he claims that the "leadership team" of AAA is comprised solely of Forrest General employees. Therefore, Forrest General and AAA argue – as they have previously [25, 29] – that a corporation can not conspire with its own employees.

But as the Court previously noted, substance – rather than form – determines "whether an entity is capable of conspiring under § 1" of the Sherman Act. *American Needle, Inc. v. NFL*, 560 U.S. 183, 130 S. Ct. 2201, 2211, 176 L .Ed. 2d 947 (2010). "the key is whether the alleged . . . conspiracy is concerted action – that is, whether it joins together separate decisionmakers. The relevant inquiry, therefore, is whether there is a . . . conspiracy amongst separate economic actors pursuing separate economic interests . . . ." *Id.* at 2211-2212. The question can not be answered by a mere statement that the

"leadership team" of AAA is comprised of Forrest General employees. Indeed, Plaintiff has not even conducted 30(b)(6) depositions of Forrest General or AAA, and it would be unreasonable to require it to respond to Defendants' intracorporate conspiracy arguments at this time.

Additionally, AAA argues that it committed no RICO predicate acts. But there are ongoing discovery disputes concerning, among other things, a "complaints folder" and audio recordings of dispatch communications regarding the transportation of patients identified in this case. Plaintiff also wants to depose AAA employees who were involved with relevant instances of patient transportation. The undersigned District Judge expresses no opinion on the pending motion to compel [121], as it falls within the purview of the Magistrate Judge. The Court merely notes that Plaintiff is seeking discovery which – if it adduces the facts Plaintiff anticipates – will have bearing on the issue of whether AAA committed any RICO predicate acts.

These examples demonstrate the merit of Plaintiff's Rule 56(d) motion, and it is not necessary for the Court to examine every argument in Defendants' Motions for Summary Judgment. The factual issues underlying each cause of action are similar enough that the discovery conducted as to any one will likely have bearing on them all. That being the case, it would be wiser to wait until the close of the discovery period – which is still over four months away – to consider all of Defendants' dispositive arguments.

Finally, the Court notes that this decision does not prejudice Defendants any more so than it does Plaintiffs. If filing frequency is any indication, both sides of the case

are spending a lot of money on attorney's fees. The longer the case goes on, the more resources *both* sides will have sunk into it, and it is far from certain whether anyone will reap a return on their investment. There are still four months of discovery to go, and the case has already involved one motion for sanctions [36], three motions to compel discovery responses [58, 78, 121], one motion to quash a deposition notice [77], and one motion to strike brief [138]. The parties and attorneys have bickered over everything from discovery requests to simple scheduling matters. To be clear, the Court is not singling out any party or attorney. The Court is simply reminding all counsel that they have ethical obligations to the Court, the state of Mississippi, and the United States of America that are coequal with their obligation to their client. Zealous and strategic advocacy requires neither incivility nor cheap litigation tactics which serve only to further complicate an already heated matter.

In summary, the facts of this case are not fully developed, and Plaintiff should have the opportunity to develop those facts through the use of discovery. The Court **grants** Plaintiff's Rule 56(d) Motion [130] and presently **denies** Defendants' Motions for Summary Judgment [122, 125]. Defendants may re-urge their dispositive arguments after discovery is complete.

SO ORDERED AND ADJUDGED this, the 21st day of May, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE