IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WESLEY HEALTH SYSTEM, LLC.**                                                          **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 2:12cv59-KS-MTP**

**FORREST COUNTY BOARD OF SUPERVISORS, ET AL.**                  **DEFENDANTS**

## ORDER

This matter is before the court on the Motion [121] to Compel Discovery Responses from Defendant AAA Ambulance Service (AAA) filed by Plaintiff Wesley Health System, LLC, and the Motion [138] to Strike Improper Rebuttal filed by AAA. Having considered the submissions of the parties and the applicable law, the court finds that the Motion [121] to Compel should be granted in part and denied in part and the Motion [138] to Strike Improper Rebuttal should be denied.

**I.      Motion to Compel**

In its Motion [121] to Compel, Wesley seeks an order from the court compelling AAA to supplement its responses to certain interrogatories and requests for production. In response to many of the disputed requests, AAA objects to producing records and information on the grounds that going so is unduly burdensome. The court is mindful of the broad nature of some of the requests.

The court must limit discovery when "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or when "the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Here, the claims are substantial, the need to review the information is justified, and if the number of discovery motions and disputes is any indication, the parties' resources appear to be very substantial. As set forth

below, much of the burden claimed by AAA may be eased by simply producing the documents at issue as kept in the ordinary course of business for review by Wesley.

The court addresses each request at issue below:

### A. Documents Pertaining to Patients Expressing a Desire to Receive Treatment at Wesley but Taken to Forrest General Hospital

Wesley's motion is granted in part and denied in part as to Request No. 2. AAA primarily disputes producing the "run reports," claiming that a search for the relevant and/or responsive reports would be unduly burdensome. The documents requested are relevant to the claims asserted and thus are discoverable. *See* Fed. R. Civ. P. 26(b)(i). To alleviate AAA's concerns that the request is unduly burdensome, AAA may produce the responsive documents by allowing Wesley to inspect the documents as they are kept in the usual course of business in accordance with Fed. R. Civ. P. 34. In addition, an Agreed Confidentiality and Qualified Productive Order [70] is in place, which should address any privacy or confidentiality concerns. The responsive documents and/or inspection shall be limited in scope from September 1, 2008, to the present.[1] Unless otherwise noted, this time period applies to all discovery requests, as discussed further below.

### B. Other Instances and AAA's Complaint Database

Wesley's motion is granted in part and denied in part as to the discovery requests involving this issue. The documents and information requested should be produced, limited in scope from September 1, 2008, to the present. AAA has represented that it does not maintain any electronic "complaint database" or indexed retrieval system of such complaints. Rather, it states that it has a manila folder of complaint reports. It claims it has reviewed such folder and located no responsive documents.

Regarding the "other instances" referred to by the parties, discovery requests regarding patients who allegedly expressed a desire to receive treatment at Wesley but were taken to

---

[1] *See infra*, ¶ F.

Forrest General Hospital are addressed above.  AAA may produce the responsive documents and information by allowing Wesley to inspect the documents as they are kept in the usual course of business in accordance with Fed. R. Civ. P. 34 and 33(d).

      C.      **Audio Recordings**

Wesley's motion is granted in part and denied in part as to the discovery requests involving this issue, consistent with the reasoning set forth above under paragraph A.  The responsive recordings and information shall be produced for the time period set forth in paragraph F below.  AAA is not required to listen to the recordings at issue to find the requested information if AAA determines that the review of documents and/or recordings is unduly burdensome.  However, it shall make the recordings available to Wesley for inspection and review.

      D.      **Identity of Individuals**

The parties have resolved the dispute regarding the identity of individuals as requested in Interrogatory No. 1.  This issue is now moot.

      E.      **Payments Among the Actors**

Wesley's motion is granted in part and denied in part as to the discovery requests involving this issue: Interrogatory Nos. 14 and 15, and Request for Production Nos. 15, 22, and 27.  The documents and information requested are relevant to Plaintiff's claims and are discoverable.  AAA's general objections are overruled.  *See* L.U.Civ.R. 37(b).  Likewise, although Wade Spruill has been dismissed from this action, he is the CEO of AAA, an employee of Forrest General Hospital, and a key witness or figure in this litigation.  The requested documents and information related to Mr. Spruill are relevant to the issues and discoverable.  AAA shall produce the information and documents requested, limited to the period from September 1, 2008, to the present.

      F.      **Time Period**

The requests at issue seek documents and information within the time period January 1,

2006, to present.  AAA claims the scope should be limited from January 1, 2010, to April 17, 2012.  Having reviewed the parties' arguments, the court will limit the scope of the discovery required herein to the time period September 1, 2008, to present.  Wesley alleges that the Statewide Trauma System became effective in September 1, 2008, and argues in its Reply [136] that "any documents in AAA's possession regarding its interpretation or application of the State Trauma System with regard to transporting patients from 2008 until today are highly relevant and material to the issues in the Amended Complaint."  Reply [136] at 5.  Similarly, AAA asserts that the complaint alleges no wrongdoing before September 1, 2008.  *See* Response [133] at 7.

        G.        **Trade Secrets/Remediation**

Wesley's motion is granted as to Interrogatory No. 3.  AAA's general objections are overruled.  See L.U.Civ.R. 37(b).  Further, AAA objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine.  Documents withheld on these grounds must be listed and described on a privilege log as required by L.U.Civ.R. 26(a)(1)(C).

AAA objects to Interrogatory No. 3 to the extent it seeks information regarding quality assurance and/or remediation programs.  In its Response [133] in opposition to the motion, AAA argues that discoverability of such documents and information is precluded by Miss. Code Ann. § 41-63-23 (generally stating that accreditation and quality assurance materials are not subject to discovery or introduction, and no person who collects such information is permitted to testify regarding the collection of that information).  AAA did not cite this statute in its original objections to the discovery requests at issue, but does so in its Response [133].

Nevertheless, assuming that Miss. Code Ann. § 41-63-23 is applicable to the discovery requests at issue, the party asserting the privilege bears the burden of proving that the privilege applies.  *See Claypool v. Mladineo*, 724 So. 2d 373 (Miss. 1998) (citing *Doctor's Hosp. v. West*, 765 S.W. 2d. 812, 814 (Tex. Ct. App. 1988)).  AAA has failed to meet this burden.  Simply

characterizing the records at issue as "quality assurance" or "remediation" will not suffice. Moreover, Interrogatory No. 3 asks AAA to "Describe any and all actions taken by AAA in response to complaints received about patients not being taken to the hospital of their (or their representative's/family member's/ caregiver's) choosing. . . ." *See* Ex. 1 to Motion [121-1] at 7. The question goes to the heart of the allegations in this matter and should be answered.

Again, any documents withheld on the basis of a privilege should have been identified on a privilege log in accordance with L.U.Civ.R. 26(a)(1)(C). The parties' submissions do not clearly address whether AAA has identified such documents on a privilege log. AAA shall supplement its response and produce the requested information.

Wesley's motion is granted in part and denied in part as to Request No. 6. AAA shall supplement its response limited in scope from September 1, 2008, to present.

Wesley's motion is denied as to Request No. 16. To the extent Wesley is seeking documents establishing a financial connection among AAA and Forrest General, those documents have been addressed in paragraph E above.

Wesley's motion is granted in part and denied in part as to Request Nos. 25 and 26. AAA again asserts broad objections and broadly categorizes responsive documents as "quality assurance and/or remediation programs," but then goes on to state that it is not "aware" of any records responsive to these requests. AAA's objections are overruled. *See* L.U.Civ.R. 37(b). AAA shall produce any documents responsive to these requests, limited in scope from September 1, 2008, to present.

    **II.**    **Motion to Strike Improper Rebuttal**

In its Motion [138] to Strike Improper Rebuttal, AAA claims that the following arguments made by Wesley in its Reply [136] should be stricken by the court because they were raised for the first time in Wesley's Reply:

> Wesley is entitled to discover facts pertaining to payments made between and among these parties and other related entities to determine whether these payments were commercially reasonable and otherwise valid transactions. These

> payments may also be relevant to the issue of whether AAA has used its funds appropriately under non-profit laws and whether any such payments have bearing on Mississippi's prohibition against public ambulance service when an adequate privately run service is available. Miss. Code Ann. § 41-55-7. Finally, these payments are relevant as to whether the financial enterprise, as it relates to the cause of action for RICO in the Amended Complaint, was such that the entities and individuals involved benefitted from the relationship of disregarding patient choice.

Reply [136] at 4-5.  AAA also claims that Wesley's request for information concerning payments to Wade Spruill from his employment should be stricken.  *Id.* at 5.

Having considered the submissions of the parties, the court finds that AAA's Motion [138] to Strike Improper Rebuttal should be denied.

IT IS, THEREFORE, ORDERED:

1. The Motion [121] to Compel filed by Wesley is granted in part and denied in part as set forth herein, with each party to bear its own costs, fees, and expenses.
2. AAA shall provide the documents and information required herein by June 7, 2013.
3. Any other relief demanded in the Motion [121] to Compel is denied.
4. AAA's Motion [138] to Strike Improper Rebuttal is denied.

SO ORDERED this the 24th day of May, 2013.

s/ Michael T. Parker
United States Magistrate Judge