IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WESLEY HEALTH SYSTEM, LLC**
**d/b/a WESLEY MEDICAL CENTER**                                                **PLAINTIFF**

V.                                                   **CIVIL ACTION NO. 2:12-CV-59-KS-MTP**

**FORREST COUNTY BOARD OF**
**SUPERVISORS d/b/a FORREST GENERAL**
**HOSPITAL, et al.**                                                           **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Spruill's Motion to Strike [283] and **denies** Spruill's Motion for Sanctions [36, 276].

### A.     *Motion to Strike [283]*

In support of its response to Spruill's motion for sanctions, Plaintiff provided notes [281-1] from a meeting between representatives of the Southeast Trauma Care Region and Plaintiff. Plaintiff's attorney, Kathryn Gilchrist [286-1], took the notes during the meeting. Spruill argues that the Court should strike the notes as hearsay.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted therein. FED. R. CIV. P. 801(c). While the Court can not accept the notes as evidence of the matters asserted within them, it can accept the notes [281-1] and affidavit [286-1] as evidence that Plaintiff received such information from its attorney prior to filing its complaint. Therefore, the Court grants Spruill's Motion to Strike [283] insofar as the Court will not consider the notes [281-1] as evidence of the matters asserted within them, but the Court denies the motion insofar as it will consider the

notes [281-1] and affidavit [286-1] as evidence that Plaintiff's attorney provided it with such information prior to the initiation of this litigation.

**B.     *Motion for Sanctions [36, 276] – Rule 11***

Rule 11 provides that when a lawyer submits a pleading to the court, he certifies that any representation made therein "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" that the claims "are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b).

"Rule 11 does not require that the legal theory espoused in a filing prevail." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 792 (5th Cir. 1993). Rather, the Court considers "factual questions regarding the nature of the attorney's prefiling inquiry and the factual basis of the pleading or other paper." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 399, 110 S. Ct. 2247, 110 L. Ed. 2d 359 (1990). The Court also determines whether the attorneys charged with violating Rule 11 "fulfilled their duty of reasonable care into the relevant law." *CJC Holdings*, 989 F.2d at 792. "Even if erroneous, a legal posture does not violate Rule 11 unless it is unreasonable from the point of view both of existing law and of its possible extension, modification, or reversal." *Id*. "[A] trial court should not impose Rule 11 sanctions for advocacy of a plausible legal theory, particularly where . . . the law is arguably unclear." *Id*.

2

Plaintiff alleged [21] that Spruill committed a substantive RICO violation under 18 U.S.C. § 1962(c) and participated in a RICO conspiracy under 18 U.S.C. § 1962(d). Section 1962(d), the conspiracy provision, does not require an overt act or even an "agreement to commit or facilitate each and every part of the substantive offense." *Salinas v. United States*, 522 U.S. 52, 63, 118 S. Ct. 469, 139 L. Ed. 352 (1997). But Section 1962(c) requires at least two acts of "racketeering activity." *Id.* Accordingly, Plaintiff alleged [21] that all Defendants – including Spruill – committed the predicate acts of kidnapping and wire fraud. Spruill's motion for sanctions [36, 276] specifically focuses on these allegations. He contends that Plaintiff's claims that he committed the crimes of kidnapping and wire fraud were frivolous and without basis.

Among other arguments in response [41, 281], Plaintiff contends that its claims against Spruill were never premised on the claim that he personally committed each element of the pertinent crimes. Rather, Plaintiff claims that its allegations were based on the theory that Spruill had committed kidnapping and wire fraud by directing or causing others to commit the requisite acts.

To commit wire fraud, it is not necessary for a party to actually use wire communications. *United States v. Simpson*, 741 F.3d 539, 548 (5th Cir. 2014). Rather, one may commit wire fraud by causing the use of wire communications in furtherance of a scheme to defraud. *Id.* (citing *United States v. Stalnaker*, 571 F.3d 428, 436 (5th Cir. 2009)). Additionally, Mississippi has adopted the Fifth Circuit's law of aiding and abetting. *See Wilson v. State*, 967 So. 2d 32, 39 (Miss. 2007); *Milano v. State*, 790 So. 2d 179, 184-85 (Miss. 2001).

> The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. . . . [A]nything a person can do for himself may also be accomplished by that person through the direction of another person as his or her agent . . . .
>
> If another person is acting under the direction of the defendant . . . , then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

*Milano*, 790 So. 2d at 185 (quoting FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL) 2.06 (1998)). Accordingly, in Mississippi a defendant may commit kidnapping where he directs an agent to commit the acts required by the statute. *Cf. Wilson*, 967 So. 2d at 38 (defendant was guilty of shoplifting where she did not personally commit each element of the crime, but acted in concert with others).

Prior to filing its complaint [1], Plaintiff knew that Spruill was the CEO of AAA, and that Forrest General controls AAA. Plaintiff interviewed a number of patients prior to filing its suit. Some claimed that AAA transported them to Forrest General despite their request to be taken to Wesley, and some claimed AAA personnel lied to them in order to convince them to go to Forrest General.

Additionally, Plaintiff's attorney provided it with a memo [281-1] that contained factual representations concerning an alleged meeting between the leadership of the Southeast Trauma Care Region ("SETCR") and Plaintiff's representatives.[1] Plaintiff's attorney reported that Spruill, the CEO of AAA, attended the meeting in his capacity

---

[1] As stated above, the Court does not consider the memo [281-1] as evidence that its contents are true. Rather, the Court considers it as evidence that Plaintiff received such information – whether ultimately true or false – from its attorney.

as the executive director of the SETCR, along with Evan Dillard, Forrest General's CEO. Gilchrist represented that Spruill denied that AAA took patients to Forrest General against their will, and that he claimed patients were allowed to go to the hospital of their choosing upon signing a form. But Gilchrist concluded that the form did not allow patients to choose their destination facility, and that it merely allowed patients to deny treatment or transport altogether. She also reported that Spruill and Dillard refused to amend the regional trauma plan to insert language specifically allowing patients to choose their destination facility, and that they claimed the practice was already part of AAA's operating procedures.

Therefore, prior to filing its complaint, Plaintiff had reason to believe that Spruill was both AAA's CEO and the executive director of the SETCR, the entity that promulgates the regulations governing EMS services in this region. Plaintiff also had reason to believe that Forrest General's CEO occupied a position of leadership in the SETCR, and that Forrest General controlled AAA. Plaintiff's attorney reported that the SETCR – represented by Spruill and Forrest General's CEO – refused to adopt language allowing patient destination choice, claiming that the principle was already part of AAA's operating procedures. But Plaintiff later received reports from patients that AAA was, in fact, refusing to transport them to Wesley, despite Spruill's alleged representations to the contrary. In the Court's opinion, all of this information provides sufficient basis for Plaintiff's good-faith belief that Spruill – in his capacity as AAA's CEO and as the executive director of the state agency creating EMS regulations in this area – directed or caused AAA's agents to transport patients to Forrest General despite

5

their desire to receive treatment at Wesley.

Indeed, as this case proceeded, Forrest General and AAA did not contest many of the key facts alleged by Plaintiff, including the allegation that AAA transported patients to Forrest General despite their desire to receive treatment at Wesley. Forrest General and AAA merely argued – and the Court agreed – that state law required AAA to transport the patients to Forrest General. It is undisputed that Forrest General effectively controls both AAA and the SETCR, and that the SETCR promulgates the regulations which require AAA to transport trauma patients to Forrest General despite their desire to receive treatment at Wesley. Within the context of this unabashedly incestuous regulatory scheme – which necessarily brings more patients to Forrest General and fewer to Plaintiff, its only regional competitor – Plaintiff had some basis for its belief that Spruill directed or controlled the actions of AAA's employees in diverting patients to Forrest General.

In summary, Plaintiff's RICO claims were novel, and its application of Mississippi's kidnapping statute was particularly creative. Mere novelty, however, is not sanctionable under Rule 11. *CJC Holdings*, 989 F.2d at 794 ("misapplication of Rule 11 can . . . stifle the creativity of litigants in pursuing novel factual or legal theories"). Plaintiff's Section 1962(c) RICO claim – including the allegation that Spruill committed the predicate acts of kidnapping and wire fraud by controlling or directing the actions of others – was plausible and, therefore, not frivolous. *See id.* (Rule 11 not intended to bar novel factual or legal theories); *MAXXAM*, 523 F.3d at 580 (where litigant's legal theory was creative but plausible and logical, Rule 11 sanctions were

inappropriate).

For all of these reasons, the Court denies Spruill's Motions for Sanctions [36, 276] under Rule 11. The Court emphasizes, however, that it ultimately rejected Plaintiff's legal theories and claims. As far as the record in this case demonstrates, Wade Spruill *did not* commit predicate acts of kidnapping or wire fraud.

### C.     *Motion for Sanctions [36, 276] – 28 U.S.C. § 1927*

Spruill also seeks sanctions under 28 U.S.C. § 1927, which provides: "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "An award of attorneys' fees under § 1927 requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014) (punctuation and footnote omitted). "[S]anctions under § 1927 are punitive in nature and require clear and convincing evidence that sanctions are justified. An unsuccessful claim is not necessarily actionable. Section 1927 sanctions should be employed only in instances evincing a serious and standard disregard for the orderly process of justice . . . ." *Id.* at 872 (punctuation and footnotes omitted).

Spruill has not presented clear and convincing evidence of "bad faith, improper motive, or reckless disregard of the duty owed to the court." *Id.* at 871. For this reason and the reasons stated in the Court's Rule 11 analysis, the Court denies his request for Section 1927 sanctions.

### D.     *Conclusion*

For all of the reasons stated above, the Court **grants in part and denies in part** Spruill's Motion to Strike [283] and **denies** Spruill's Motion for Sanctions [36, 276].

SO ORDERED AND ADJUDGED this, the 12th day of May, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE